UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS VEGA,<br><br>    Plaintiff,<br><br> v.<br><br>E. ALAMEIDA, et.al.,<br><br>    Defendants. | CV F- 05-0176 OWW DLB P<br><br>ORDER REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT |

  Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. sec. 1983. Pending before the Court is Plaintiff's amended complaint filed after this court dismissed plaintiff's original complaint. This proceeding was referred to this Court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

Plaintiff once again names E. Alameida, the Director of the California Department of Corrections and A. Scribner, Warden at California State Prison Corcoran as the only defnedants. As in his original complaint, it appears that plaintiff is alleging that when he arrived at CSP, he had four (4) boxes of personal property two of which were issued to him and he filled out paperwork to have the other two boxes sent home. It appears that plaintiff contends his family never received the property and he is seeking reimbursement for the same. Assuming these are plaintiff's claims, he has failed to described how the named defendants violated his constitutional rights.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]   . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.  42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Because plaintiff has failed to link the named defendants with some affirmative act or omission, plaintiff's complaint must be dismissed.

In addition, plaintiff has once against only named supervisory defendants. As plaintiff was previously advised, supervisory personnel, such as defendants Alameida and Scribner are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior

1  and, therefore, when a named defendant holds a supervisorial position, the causal link between him
2  and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d
3  858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442
4  U.S. 941 (1979).  To show a prima facie case of supervisory liability, plaintiff must allege facts
5  indicating that supervisory defendants either: personally participated in the alleged deprivation of
6  constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or
7  implemented a policy "so deficient that the policy itself is a repudiation of constitutional rights" and
8  is "the moving force of the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir.
9  1989); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

10         Plaintiff's amended complaint must be dismissed for failure to state any claims upon which
11 relief can be granted.  The Court will grant plaintiff one final opportunity to file an amended
12 complaint.  The court will provide plaintiff with the opportunity to file an amended complaint curing
13 the deficiencies identified by the court in this order.  Plaintiff should carefully review this order and
14 the legal standards provided, and amend only those claims that plaintiff believes in good faith are
15 cognizable.

16         Plaintiff is informed he must demonstrate in his complaint how the conditions complained of
17 have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227
18 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.
19 There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection
20 between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976);
21 May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.
22 1978).

23         Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be
24 complete in itself without reference to any prior pleading.  As a  general rule, an amended complaint
25 supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once
26 plaintiff files an amended complaint, the original pleading no longer serves any function in the case.
27 Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of
28

each defendant must be sufficiently alleged.

     Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
3. Within **twenty (20) days** from the date of service of this order, plaintiff shall file an amended complaint; and
4. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, without prejudice, for failure to obey a court order.

    IT IS SO ORDERED.

    **Dated:   February 26, 2008**　　　　　　　　　　**/s/ Dennis L. Beck**
　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE